UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

GOOD NUTRITION, LLC, *et. al.,*
a Delaware limited liability company,

    Plaintiff,

v.

CASE NO:

KINSALE INSURANCE COMPANY,
an Arkansas corporation,

    Defendant.

_____/

## NOTICE OF REMOVAL

KINSALE INSURANCE COMPANY ("Kinsale"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b)(3), explains its grounds for removal as follows:

***This action was stayed until recently allowing Good Nutrition and Huff to file an amended complaint against Kinsale.***

1. GOOD NUTRITION, LLC ("Good Nutrition") and JOHN HUFF ("Huff") sued Kinsale and plaintiffs' insurance broker, Britton-Gallagher Financial Services, Inc. ("BGFS"), in the Court of Common Pleas of Cuyahoga County in Ohio, Case No. CV 16-866246.

2. Good Nutrition and Huff seek coverage under Kinsale's policy for a lawsuit against them alleging among other things that they knowingly and fraudulently conspired to take over a competitor's company and for conversion of approximately $235,000.[1]

3. Kinsale moved to stay the action so that the coverage issues could be resolved in arbitration as required by the arbitration provision in Kinsale's policy.[2]

---

[1] Kinsale issued a Life Sciences General Liability – Claims Made and Reported policy to "Good Nutrition, LLC dba Good Greens," bearing Policy Number 0100030739-0, and effective from 07/17/2015 through 07/17/2016.

4. The trial court granted a stay, which was only lifted on August 8, 2017. (*Order*, Ex. A.)

5. On September 29, 2017, Good Nutrition and Huff filed an amended complaint against Kinsale. Essentially, Good Nutrition and Huff allege that Kinsale "waived and/or is estopped" from contesting the reasonableness of defense fees and costs incurred in the underlying action, controlling the defense, and contesting indemnity based on its failure to defend prior to the arbitration award. Additionally, the amended complaint includes a baseless claim of "bad faith" against Kinsale.[3]

6. In the amended complaint, Good Nutrition and Huff dropped BGFS as a party. Accordingly, for the first time it is evident that complete diversity exists between Good Nutrition, Huff, and Kinsale.

### *Removal is appropriate; there is complete diversity of citizenship.*

7. JOHN HUFF was at all times, including at the time this action was commenced and this Notice filed, a citizen of Ohio.

8. Further, for purposes of diversity jurisdiction, a limited liability company is a citizen of each state where any of its members are citizens.[4]

---

[2] The arbitration resulted in an award dated June 16, 2017, requiring Kinsale to defend Good Nutrition and Huff in the underlying action filed by Purushealth, LLC and Dr. Sanheeta T. Mahaj, *et. al.*, in the Court of Common Pleas of Cuyahoga County in Ohio, Case No. CV15851394.

[3] In their attempt to build up their bad faith claim and pursue frivolous discovery, Good Nutrition and Huff went as far as alleging that Kinsale's coverage counsel (Hinshaw & Culbertson, LLP) is "malicious" and somehow "complicit" with Kinsale's claims handling process so that the attorney client privilege no longer applies. (*Compl.*, Pg. 15.)

[4] *See, e.g.*, *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities – of which a limited liability company is one –

9. Upon information and belief, Huff is a partner or member of Good Nutrition. At the time the action was commenced and this notice filed, Huff was a citizen of Ohio.

10. Upon information and belief, William J. Ross ("Ross") is a partner or member of Good Nutrition. At the time the action was commenced and this notice filed, Ross was a citizen of Ohio.

11. Because Good Nutrition's citizenship is derivative of Huff and Ross, Good Nutrition is a citizen of Ohio.

12. Kinsale was at all times, including at the time this action was commenced and this Notice filed, an Arkansas company with its principal place of business in Virginia. Kinsale is accordingly a citizen of the states of Arkansas and Virginia.

13. Kinsale is unaware of any other partners or members of Good Nutrition, specifically any partners or members who are citizens of either Arkansas or Virginia.

### *Removal is appropriate; the requisite amount in controversy is satisfied.*

14. The amended complaint seeks past[5] and future defense costs incurred in the underlying action, costs related to this action and the arbitration, punitive damages, plus attorney's fees and costs, all of which exceed the threshold $75,000 amount in controversy.[6]

---

have the citizenship of each partner or member.") (collecting cases); *David A. Waldron & Assocs. v. Loon, LLC*, No. 5:11-cv2247, 2012 U.S. Dist. LEXIS 63669, at *20 (N.D. Ohio April 17, 2012) ("[T]he citizenship of a limited liability company is determined by the citizenship of its members.").

[5] Kinsale paid Good Nutrition and Huff approximately $182,000 in defense fees for the underlying action.

[6] *See, e.g.*, *Harrel v. Allstate Ins. Co.*, No. 1:11cv209, 2011 U.S. Dist. LEXIS 32600, at *5-7 (N.D. Ohio Mar. 28, 2011) (damages for alleged breach of insurance contract, punitive damages, and attorney's fees taken into consideration in determining whether the jurisdictional amount is satisfied); *Elkins v. Am. Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752, 760 (S.D. Ohio 2009)

15. Moreover, the value of the underlying action against Good Nutrition and Huff is at least $235,000 plus punitive damages, which is relevant to the amount in controversy here.[7]

16. Accordingly, it is evident that the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees, and costs.

### *Removal is appropriate; removal is timely.*

17. Pursuant to 28 U.S.C. § 1446(b)(3), this notice is timely since it was filed within thirty days of receipt through service of an amended pleading from which it may first be ascertained that the case is one which has become removable.

18. Further, since the trial court recently lifted the stay (August 8, 2017), the one year removal deadline under 28 U.S.C. § 1446(c) is not implicated.[8] (Ex. A.) Stated differently, Good Nutrition and Huff could not file their amended complaint during the stay or prior to the arbitration award on the duty to defend.

19. Again, this action was stayed to allow Good Nutrition, Huff, and Kinsale to litigate the duty to defend issue in arbitration as required by the binding arbitration provision of the policy.

---

("Where state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement.") (citing *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005)).

[7] *See Ramamurth v. Stillwater Ins. Co.*, No. 1:17cv339, 2017 U.S. Dist. LEXIS 55085, at *5 (N.D. Ohio April 11, 2017) ("The Court agrees that the more logical conclusion is to evaluate the value of the underlying claim rather than the policy limit when the issue in a case is a claim on the policy.") (collecting cases).

[8] *See Nolte Assocs. v. Hotel Gold Crown Champa, LLC*, No. 1:11cv00508, 2012 U.S. Dist. LEXIS 4276, AT *22 N. 7 (Dist. Colo. Jan. 6, 2012) (holding that stay tolled the 30-day deadline to file motion to remand under 28 U.S.C. § 1447). The statutory deadlines of § 1447 are similar to those of § 1446.

20. Moreover, this action was not removable originally because Good Nutrition and Huff named BGFS, a non-diverse party, solely to preclude removal in bad faith. Specifically, under Ohio law, a negligent procurement claim against an insurance broker is not ripe until the coverage issue is resolved against the insured.[9] Further, prior to the stay, Good Nutrition and Huff filed a partial motion for summary judgment only as to Kinsale, not BGFS and they never requested any discovery from BGFS.

21. Accordingly, the exception to the one year deadline under 28 U.S.C. § 1446(c) applies and this notice is timely.

### *Removal is appropriate; all the elements are satisfied.*

22. Because Good Nutrition and Huff are citizens of different states than Kinsale, and because the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees and costs, this action is removable to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b)(3).

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders that Kinsale has received are attached as Composite Exhibit "B."

24. A copy of this notice will be promptly filed with the Clerk of Common Pleas of Cuyahoga County of Ohio, and served on all interested parties.

25. Kinsale, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b)(3), respectfully requests that this Court remove this action, which is currently pending in the Court of Common Pleas of Cuyahoga County of Ohio.

---

[9] *See Aim Leasing Co. v. RLI Corp.*, No. 4:14cv2161, 2015 U.S. Dist. LEXIS 56780, at *11-12 (N.D. Ohio April 30, 2015) ("An agent will be held liable if as a result of his or her negligent failure to perform that obligation to procure insurance, the other party to the insurance contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking.") (citations omitted).

Respectfully submitted,

HINSHAW & CULBERTSON LLP

s/EDWARD T. SYLVESTER
Ohio Bar No. 0073312
esylvester@hinshawlaw.com
2525 Ponce de Leon Boulevard
4th Floor
Miami, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
*Attorney for Kinsale*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2017, I e-filed this document using the CM/ECF system.  I further certify that I am not aware of any non-CM/ECF participants.

s/EDWARD T. SYLVESTER
**EDWARD T. SYLVESTER**

300571033v1 0989609