UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GOOD NUTRITION, LLC, *et al.*, | ) | Case No.: 1:17 CV 2160 |
| Plaintiffs | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| KINSALE INSURANCE COMPANY, *et al.*, | ) | |
| Defendants | ) | <u>ORDER OF REMAND</u> |

### I. INTRODUCTION

Currently pending before the court in the above-captioned case is Plaintiffs' Good Nutrition, LLC ("Good Nutrition"), and John Huff ("Huff") (collectively, "Plaintiffs") Motions to Remand (ECF No. 5) this action to the Cuyahoga County Court of Common Pleas from which it was removed, pursuant to 28 U.S.C. § 1446(c)(1), and for Costs and Fees (ECF No. 10) as a result of removal, pursuant to 28 U.S.C. § 1447(c). Also pending is Defendant Kinsale Insurance Company's ("Kinsale" or "Defendant") Motion to Strike or Deny (ECF No. 11) Plaintiffs' Reply in Support of their Motion to Remand and their Motion for Costs and Fees, and Plaintiffs' Request for Cost and Fees (ECF No. 12) related to opposing Defendant's Motion to Strike or Deny.

For the following reasons, Defendant's Motion to Strike or Deny is denied. Plaintiffs' Request for Cost and Fees incurred in responding to Defendant's Motion to Strike or Deny is also denied. Plaintiffs' Motion to Remand is granted. Plaintiffs' Motion for Costs and Fees as a result of

removal is held in abeyance pending Defendant's Response, which shall be filed within seven (7) days of the date of this Order.  Plaintiffs shall file a Reply, if they so desire, within seven (7) days of Defendant's Response. This case is hereby remanded to the Cuyahoga County Court of Common Pleas from which it was removed. The court retains jurisdiction only to resolve Plaintiffs' pending Motion for Costs and Fees as a result of removal.

## II.  BACKGROUND

On July 15, 2016, Plaintiffs commenced this civil action in the Cuyahoga County Court of Common Pleas against Defendant and former Defendant Britton Gallagher Financial Services, LLC ("Britton Gallagher"), alleging Defendant's breach of an insurance policy it issued to Good Nutrition ("Kinsale Policy"). (Compl., State Ct. Proceedings 7–23, ECF No. 1-3.) Specifically, Plaintiffs' Complaint alleged Defendant breached its duty to defend Good Nutrition against an underlying lawsuit, and sought declaratory judgment regarding Defendant's duties and obligations under the insurance policy, including whether there existed a duty to arbitrate ("Arbitration Provision"). (*Id.*) Plaintiffs also alleged two counts of professional negligence against Britton Gallagher for failing to advise Plaintiffs: (1) on insurance options covering defense against malicious prosecution; and (2) about the Arbitration Provision in the Kinsale Policy. (*Id.* at 20–22.)

On August 16, 2016, Defendant moved to dismiss the Complaint based on the Arbitration Provision and the demand for arbitration it had filed with the American Arbitration Association ("AAA"). (Pl.'s Mot. Remand 2.) On February 17, 2017, Defendant filed a Motion to Stay the state court proceedings based on the pending arbitration ("Kinsale Arbitration"). (*Id.* at 2–3.) Although the AAA entered an award in Plaintiffs' favor on June 16, 2017 ("Arbitration Award"), the state court nevertheless granted Defendant's Motion to Stay on June 29, 2017, and the state action was

stayed until August 8, 2017. (*Id.* at 3.) During that time, a confidential settlement agreement was reached between Plaintiffs and Britton Gallagher ("Britton Settlement "). (*Id.* at 1.)

On September 29, 2017, Plaintiffs filed their Amended Complaint, which reflected the outcomes of the Arbitration Award and the Britton Settlement. (*Id.* at 3.) Consequently, the Amended Complaint asserts claims only against Defendant. (*Id.* at 1.) Plaintiffs are both citizens of Ohio. (Notice of Removal ¶¶ 7–11, ECF No. 1.) Former Defendant Britton Gallagher is also a citizen of Ohio. (*Id.* ¶¶ 6, 20 .) However, Defendant is a citizen of Arkansas and Virginia. (*Id.* ¶ 13.) Thus, because the Amended Complaint terminated the only non-diverse party from the action, complete diversity existed at that time and Defendant removed the action to this court on October 12, 2017, pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3). (*Id.* ¶ 6.) On October 24, 2017, Plaintiffs filed the instant Motion to Remand the action back to state court on the ground that removal was untimely. (Mot. Remand, ECF No. 7.)

### III. LAW AND ANALYSIS

#### A. Defendant's Motion to Strike or Deny

The court first addresses Defendant's Motion to Strike or Deny (ECF No. 11) Plaintiffs' Reply in Support of their Motion to Remand because it potentially bears on Plaintiffs' Motion to Remand.

Defendant argues that Plaintiffs' Reply must be stricken because Local Rule 7.1(e) provides that a reply to a non-dispositive motion must be filed within seven days after service of the memorandum in opposition. (Mot. Strike or Deny ¶ 2.) Thus, because Plaintiffs filed their Reply seven days after the non-dispositive motion reply deadline, the court should strike or deny Plaintiffs' Reply solely on the basis of it being untimely, pursuant to Local Rule 7.1(h). (*Id.* ¶¶ 5–7.) Defendant

-3-

also argues that Plaintiffs' Motion for Costs and Fees as a result of removal is untimely because it should have been requested, if at all, in Plaintiffs' Motion to Remand. (*Id.* ¶¶ 8–11; Reply Mot. Strike or Deny 3, ECF No. 13.) Plaintiffs respond that Defendant misinterprets the Local Rules because remand orders are considered dispositive motions and, under Local Rule 7.1(e), reply memorandum in support of a dispositive motion may be filed within fourteen days after service of the memorandum in opposition. (Opp'n Mot. Strike or Deny 3–4.) Plaintiffs further contend that Defendant mistakenly relies on case law establishing the rule that new evidence, issues, and arguments may not be raised for the first time in a reply, rather than citing to any authority suggesting that a motion for attorney's fees and costs cannot be combined with and included in a reply brief. (*Id.* at 6.) Finally, Plaintiffs seek additional costs and fees in connection with responding to Defendant's "frivolous" Motion to Strike or Deny. (*Id.*)

Defendant argues that *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001), which held that remand orders are dispositive because they have the "same practical effect" as motions to dismiss, is irrelevant to whether remand orders are dispositive for the purpose of filing deadlines under the Local Rules without providing any reason or authority to support such a conclusion. Contrary to Defendant's protestation, the court finds no reason to conclude that *Vogel* does not apply. Furthermore, that remand orders are not explicitly defined as dispositive in the Local Rules is not decisive, as the Rules fail to enumerate a list of the motions which should be considered dispositive and, thus, must be read in their relevant context. On this basis, it was not unreasonable for Plaintiffs to presume that the fourteen-day dispositive motion reply deadline under Local Rule 7.1(e) applied to their Reply. As a result, the court finds that Plaintiffs' Reply in Support of their Motion to Remand was not untimely, and the court will consider Plaintiffs' Reply in its

4

determination of the Motion to Remand.

With respect to Plaintiffs' Motion for Costs and Fees incurred as a result of removal, Defendant similarly provides no relevant reason why Plaintiffs' Motion could not be filed concurrently with Plaintiffs' Reply, and § 1447(c) does not support such a limitation. 28 U.S.C. § 1447(c) (providing, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal.") Indeed, the Sixth Circuit has noted that the language of § 1447(c) imposes "no requirement that a motion for attorney's fees and costs, to be timely, must *precede* the district court's order of remand." *Stallworth v. Greater Cleveland Reg'l Transp. Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (emphasis in original). Rather, any timeliness rule with respect to a motion for attorney's fees can only be found in Federal Rule of Civil Procedure 54(d)(2)(B), which states that "[u]nless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment." *Id.*; Fed. R. Civ. P. 54(d)(2)(B). Moreover, "[d]istrict courts…'remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *Stallworth*, 105 F.3d at 257 (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 454 (1982)). On this basis, the court finds that Plaintiffs' Motion for Costs and Fees associated with removal was timely. Accordingly, Defendant's Motion to Strike or Deny is denied. Defendant shall have seven (7) days from the date of this Order to respond to Plaintiffs' Motion for Costs and Fees. Plaintiffs shall filed a Reply, if they so desire, within seven (7) days of Defendant's Response.

### B. Plaintiffs' Request for Costs and Fees

Under its inherent authority and Local Rule 7.1(i), this court may reward attorney's fees and costs incurred in responding to frivolous motions. *Codonics, Inc. v. Datcard Sys., Inc*., 2009 WL

1565951, Case No. 1:08-CV-1885, at *1 (N.D. Ohio 2009) (Gwin, J.). In so doing, the court must consider whether the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or "acted in a manner that was tantamount to bad faith." *Id.* (internal quotations and citations omitted) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991), and *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)). However, the Supreme Court has cautioned that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* (citing *Chambers*, 501 U.S. at 44).

Here, Plaintiffs' request their just fees and costs related to opposing Defendant's Motion to Strike or Deny, pursuant to Local Rule 7.1(i). (Opp'n Def.'s Mot. Strike or Deny 6.) However, Plaintiffs have not shown that the filing of Defendant's Motion to Strike or Deny amounted to bad faith such that sanctions are warranted. As discussed above, although the court ultimately found that Plaintiffs' Motion was timely, because the Local Rules do not explicitly enumerate "dispositive motions," Defendant at least made a colorable argument that Plaintiffs' Reply in Support of its Motion to Remand was untimely in light of Local Rule 7.1(e)'s deadlines, albeit barely in light of Defendant's knowledge of Sixth Circuit precedent which strongly suggests that, in this Circuit, remand orders are generally considered dispositive. Accordingly, Plaintiffs' Request for Costs and Fees incurred in responding to Defendant's Motion to Strike or Deny is denied.

### C. Plaintiffs' Motion to Remand

Removal from state court to federal court is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "federal question" cases, which implicate questions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. Federal district courts also have original jurisdiction over "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

A court considers whether federal jurisdiction existed at the time of removal and the removing party "bear[s] the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). Furthermore, it is well-settled in the Sixth Circuit that, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Thus, when there is uncertainty as to whether remand is appropriate, "all doubts should be resolved in favor of remand." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008).

Generally, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." 28 U.S.C. § 1446(b)(1). But, if an action is not removable on the basis of the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, when removal is based on diversity of citizenship, §1446(c)(1) goes on to provide that:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28. U.S.C. § 1446(c)(1). In this way, Section 1446(c)(1) essentially acts as a statute of repose for cases where removal is sought on the basis of a court's diversity jurisdiction by absolutely barring

removal after one year. *See Cofer v. Horsehead Research & Dev. Co., Inc.*, 805 F. Supp. 541, 544 (E.D. Tenn. 1991) (explaining that "the one-year cap on the removal of diversity cases, at least in instances where removability did not exist initially, acts like a statute of repose, and cuts off the possibility at the end of a year.")

There is no dispute that Defendant filed its Notice of Removal more than one year after the commencement of the state court action. However, Defendant argues that removal was proper and timely based on the particular facts of this case because: (1) the Kinsale Arbitration and the stay of the state court proceedings tolled the §1446(c)(1) removal deadline; and (2), even if the removal deadline was not tolled, the bad faith exception under § 1446(c)(1) applies because Plaintiffs initially sued Britton Gallagher only in order to defeat complete diversity and block removal. (Opp'n Remand, ECF No. 9.) The court will address each of Defendant's contentions in turn.

**1. Tolling of Removal Deadline**

Defendant contends that the removal deadline should be tolled because, under § 3 of the FAA, the Kinsale Arbitration automatically stayed any related judicial proceeding. (*Id*. at 2–3.) Thus, even though the state court's stay order was not granted until after the AAA Panel rendered a decision, a *de facto* stay had existed since Defendant's commencement of the Kinsale Arbitration. However, Plaintiffs respond that the cases cited by Defendant do not support the proposition that mandatory arbitration tolls the removal deadline under § 1446(c)(1).

The notion that § 3 of the FAA mandates a *de facto* stay of all state and federal court proceedings at the time that a matter is submitted to arbitration that tolls the deadline for removal under § 1446(c)(1) is supported neither by the plain language of the applicable statutes nor any relevant case law. The cases upon which Defendant relies are unavailing because they involve both

8

procedural postures different from the case at bar and a statute that expressly mandates an automatic stay at the time of the filing of a bankruptcy petition. *See*, *e.g.*, 11 U.S.C § 362 (providing that "a [bankruptcy] petition filed under [sections] of this title…operates as a stay."); *Patterson v. Int'l Broth. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997) (finding that notice of removal was timely where automatic bankruptcy stay was in effect at the time that plaintiff filed the state court action and the notice of removal was filed within thirty days after relief from stay); *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) (determining that state court action did not commence for removal purposes where plaintiffs filed action in violation of the automatic bankruptcy stay, and holding that "actions filed in violation of the automatic stay are removable [within thirty days] once the stay is lifted, if only to have a federal court declare that the action is void."); *Nolte Assocs. v. Hotel Gold Crown Champa*, LLC, No. 1:11-CV-00508, 2012 WL 32662 (D. Colo. Jan. 6, 2012) (determining that remanding solely on the basis of the untimely removal would be "inefficient and unnecessarily formalistic" where any procedural defect would soon be cured in state court and the case would again be removed to federal court). Defendant does not present, and the court is not aware of, any case law which supports the proposition that § 3 of the FAA, and a state court stay imposed on that basis, operates to toll the removal deadline under § 1446(c)(1). Furthermore, the court notes that, in each of the cases cited by Defendant involving an automatic bankruptcy stay and where removal was found to be timely, the petition for removal was filed within thirty days after the termination of the stay. Thus, even if § 3 of the FAA operated similarly to automatic stays in the bankruptcy context, Defendant's Notice of Removal in this case was nevertheless untimely because it was filed more than thirty days after the state court lifted the stay. (Aug. 8, 2017 Order Lifting Stay, ECF No. 1-1; Notice of Removal, ECF No. 1

(Oct. 12, 2017).)

Contrary to Defendant's protestations, there is nothing inherently remarkable about the facts of this case. Rather, this action falls squarely within the circumstances contemplated by § 1446(c)(1), where a plaintiff, outside of the one-year removal period, files a paper "from which it may first be ascertained that the case is one which is or has become removable," and where the defendant subsequently seeks removal on the basis of the bad faith exception. 28 U.S.C. § 1446(c)(1). Moreover, even if there were some doubt as to the appropriateness of remand on the facts of this particular case, "all doubts should be resolved in favor of remand." *Ethington*, 575 F. Supp. 2d at 860.

Accordingly, Defendant's objection to remand on this basis is not well-taken. Thus, the only way that Defendant can defeat remand is if the bad faith exception under § 1446(c)(1) applies, which the court addresses next.

### 2. § 1446(c)(1) Bad Faith Exception

Although, the Sixth Circuit has not defined the meaning of "bad faith" under §1446(c)(1), "[f]ederal courts that have examined the statutory language…agree that the issue is whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Dutchmaid Logistics, Inc. v. Navistar, Inc.*, Case No. 2:16-CV-857, 2017 WL 1324610, at *2 (S.D. Ohio Apr. 11, 2017) (collecting cases).

Defendant contends that Plaintiffs acted in bad faith in this case because: (1) under Ohio law, Plaintiffs' negligent procurement claim against Britton Gallagher was not yet ripe; and (2) prior to the stay, Plaintiffs filed a motion for partial summary judgment only against Kinsale and never requested any discovery from Britton Gallagher. (Notice of Removal ¶ 20.)

10

The court finds that Plaintiffs' conduct here does not rise to the level of bad faith within the statutory meaning. *Dutchmaid Logistics, Inc.*, 2017 WL 1324610, at *3 (finding "litigation-strategy decisions" did not rise to the level of intentional action or inaction, even where plaintiffs never moved to compel production despite production being six months late and never deposed any employees of the non-diverse defendant). That Plaintiffs were able to negotiate a settlement with Britton Gallagher without resorting to meaningless discovery requests or the filing of dispositive briefs in the state court proceedings only demonstrates that they, presumably, had an effective litigation strategy. *Id.* (rejecting the test laid out in *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1228 (D.N. Mex. 2014), as inappropriate, where subsequent Sixth Circuit rulings on the bad faith exception had not relied on the test, and where the test would effectively increase the cost of litigation by deterring dismissal of defendants who have become unnecessary and encouraging meaningless discovery requests).

Moreover, even if, as Defendant suggests, the joinder of Britton Gallagher was fraudulent as pled because Plaintiffs' negligent procurement claim was not ripe until the insurance coverage issue with Defendant was resolved, that fact would have been ascertainable to Defendant at the time of the filing of Plaintiff's initial Complaint. Consequently, Defendant's removal under § 1446(c)(1) on that basis would now be extremely untimely. 28 U.S.C. §§ 1446(b)(3), (c)(1) (providing for removal beyond the thirty-day limitation only "if the case stated by the initial pleading is not removable.")

In light of the above, the court finds that Defendant has not proven that Plaintiffs acted in bad faith in order to prevent removal. Accordingly, this case is hereby remanded back to the Cuyahoga County Court of Common Pleas from which it was removed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike or Deny (ECF No. 11) is denied. Plaintiffs' Request for Cost and Fees (ECF No. 12) incurred in responding to Defendant's Motion to Strike or Deny is also denied. Plaintiffs' Motion to Remand (ECF No. 7) is granted. Plaintiffs' Motion for Costs and Fees (ECF No. 10) incurred as a result of removal is held in abeyance pending Defendant's Response, which shall be filed within seven (7) days of the date of this Order. Plaintiffs shall file a Reply, if they so desire, within seven (7) days of Defendant's Response. This case is hereby remanded to the Cuyahoga County Court of Common Pleas from which it was removed. The court retains jurisdiction only to resolve Plaintiffs' pending Motion for Costs and Fees as a result of removal.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 22, 2018